UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, TRAVELERS CASUALTY AND SURETY COMPANY, AND THE FARMINGTON CASUALTY COMPANY )))))) | |
| Plaintiffs, )) | |
| v. ) | No. 06-00360 |
| ) | |
| KESTERSON CONSTRUCTION COMPANY INC. AND THOMAS H.D. KESTERSON ))) | |
| Defendants. ) | |

## AGREED ORDER APPROVING SETTLEMENT AND GRANTING FINAL JUDGMENT

Upon the representation of counsel for Travelers Casualty and Surety Company of America, Travelers Casualty and Surety Company, and the Farmington Casualty Company (collectively "Plaintiffs") and counsel for Kesterson Construction Company, Inc. and Thomas H.D. Kesterson ("Defendants"), and as evidenced by the signatures of counsel for Plaintiffs and Defendants, the Plaintiffs and Defendants have reached a settlement of the above-referenced matter, and in furtherance thereof, the parties hereby stipulate and agree as follows:

## RECITALS

A. On or about September 21, 2006, Plaintiffs filed the instant action against Defendants asserting (i) that Defendants failed to satisfy Defendants' obligations to Plaintiffs under that that certain General Agreement of Indemnity dated on or about February 24, 2004 (the "Indemnity Agreement"), (ii) that Defendant Kesterson Construction Company, Inc. ("Kesterson

Construction") failed to satisfy its obligations to Plaintiff Farmington Casualty Company ("Farmington") under certain payment and performance bonds issued by Farmington naming Kesterson Construction as principal, (iii) that Defendants failed to repay amounts advanced by Plaintiffs on Defendants' behalf under that certain Agreement dated June 8, 2005, and (iv) that Defendants failed to repay all amounts, including interest, costs, expenses and fees, including attorneys' fees, advanced by Plaintiffs under that certain Promissory Note and Security Agreement dated June 8, 2005 (the "Note"), all of which are more specifically set forth in Plaintiffs' Complaint.

B.   As a result of extensive negotiations between Plaintiffs and Defendants, Plaintiffs and Defendants agree that based upon the allegations of the Complaint and the causes of action referenced therein, judgment should be entered in favor of Plaintiffs and against Defendants in the amount and under the terms and conditions set forth below:

(i)   Plaintiffs and Defendants agree that judgment should be entered in favor of Plaintiffs against Defendants in the principal amount of $650,000.00 (the "Principal Judgment"), plus interest from the date of entry accruing at the rate of six percent (6%) per annum, and fees, including attorneys' fees incurred post entry (the "Post Judgment Interest and Fees"), the Post Judgment Interest and Fees and the Principal Judgment collectively referred to as (the "Judgment"), which Judgment Plaintiffs may record in such counties as Plaintiffs' deem appropriate to effect a judgment lien;

(ii)   Execution on the Judgment shall not issue for a period of six (6) months following September 16, 2007 (the "Grace Period"), unless such Grace Period is extended by mutual written agreement.  Plaintiffs agree that it will not seek recovery of its Post Judgment Interest and Fees if, prior to expiration of the Grace Period, Plaintiffs and Defendants reach a

mutual agreement satisfying the Principal Judgment. If upon expiration of the Grace Period, Plaintiffs and Defendants have not reached a mutual agreement satisfying the Principal Judgment, Plaintiffs shall be entitled to a writ of execution for the value of the Judgment, less any amounts paid by Defendants to Plaintiffs in partial satisfaction of the Principal Judgment.

C. On or about June 8, 2005, Defendants executed a delivered to Plaintiffs that certain Deed of Trust, Assignment of Rents and Leases, Security Agreement and Fixture Filing ("Deed of Trust") which identified certain real property located in Loudon County, Tennessee (the "Real Property") as collateral security. While the Deed of Trust and Plaintiffs' rights thereunder are not subjects of Plaintiffs' Complaint, under the terms of the settlement between Plaintiffs and Defendants, Defendants have agreed that Defendants are in default of their obligations to Plaintiffs under the Deed of Trust; however, Plaintiffs have agreed that Plaintiffs will not take action to foreclose the Deed of Trust during the Grace Period, unless such action is necessary, in Plaintiffs' sole discretion, to preserve and protect its rights and remedies under the Deed of Trust. Nothing herein shall be deemed to modify, alter or limit the terms of the Deed of Trust or the rights of Plaintiffs under the Deed of Trust.

D. Furthermore, Defendants agree that any funds received by Defendants or paid to Defendants from the Tennessee Valley Authority ("TVA") or any representative, agency or otherwise acting on behalf of the TVA with respect to any existing or proposed easement on or relating to the Real Property, then said funds shall be paid to Plaintiffs and applied against the then owing principal balance of the Judgment.

IT IS THEREFORE STIPULATED, AGREED AND ORDERED that:

1. The settlement reached between Plaintiffs and Defendants is approved;

2. Plaintiffs are entitled to and are hereby granted Final Judgment against Defendants in accordance with the foregoing terms; and

3. This Court will retain jurisdiction over this case for the sole purpose of enforcing the terms of this Order, and any execution which may issue in accordance with the terms of this Order.

Dated: _____, 2007.

                                                                 s/ C. Clifford Shirley, Jr.  
                                                                 C. Clifford Shirley, Jr.  
                                                                 United States Magistrate Judge

Submitted for Entry

s/Scott C. Williams  
John M. Gillum #10230  
Scott C. Williams #021757  
MANIER & HEROD  
One Nashville Place, Suite 2200  
150 Fourth Avenue North  
Nashville, Tennessee 37219  
(615) 244-0030 (phone)  
(615) 242-4203 (fax)  
swilliams@manierherod.com  
Attorneys for Plaintiffs

and

s/Lawrence F. Giordano  (with permission)  
Lawrence F. Giordano (BPR # 006104)  
LEWIS, KING, KRIEG & WALDROP, P.C.  
One Centre Square, Fifth Floor  
620 Market Street  
Knoxville, Tennessee 37902  
(865) 546-4646 (phone)  
(865) 523-6529 (fax)  
giordano@lewisking.com  
Attorney for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on October 1, 2007, a true and correct copy of the foregoing was filed electronically via the Court's ECF system.

                                            s/Scott C. Williams
                                            Scott C. Williams #021757